# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT WINCHESTER

| | |
|---|---|
| SEAN WOODS, JUSTIN HOSMER, and SEAN SHINN, | ) ) ) Case No. 4:18-cv-63 |
| *Plaintiffs*, | ) ) Judge Travis R. McDonough |
| v. | ) ) Magistrate Judge Christopher H. Steger |
| BEDFORD COUNTY JAIL, | ) ) ) |
| *Defendant*. | ) |

## MEMORANDUM AND ORDER

*Pro se* prisoners, Sean Woods, Justin Hosmer, and Sean Shinn (collectively, "Plaintiffs") initiated this action when they filed a joint complaint alleging constitutional violations pursuant to 28 U.S.C. § 1983 (Doc. 1).

On October 25, 2018, this Court entered an Order directing Plaintiffs to submit separate motions for leave to proceed *in forma pauperis* within thirty days of the date of that order (Doc. 4). Plaintiffs were forewarned that "if either of them fails to fully comply with this Order within the time required, the Court shall presume that Plaintiff is not a pauper and shall order the case dismissed as to that Plaintiff for want of prosecution . . . ." (*Id*. at 2.) The order was mailed to all Plaintiffs at the addresses they listed as their current addresses. More than thirty days have passed and Mr. Hosmer has not filed an IFP with this Court or any other response to the Court's order.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g., Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012);

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court considers four factors when considering dismissal under Rule 41(b):

(1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Mr. Hosmer's failure to prosecute this action can be attributed to his own willfulness or fault. Notably, the attempt made by this Court to contact Mr. Hosmer regarding his case has been unsuccessful. Whether willful or negligent, Plaintiff has failed to update his address and/or monitor this action as required by Local Rule 83.13. Pursuant to Local Rule 83.13, it is the duty of the *pro se* party to monitor the progress of the case and to prosecute or defend the action diligently. *See* E.D. Tenn. L.R. 83.13. Accordingly, the first factor weighs in favor of dismissal. The second factor, however, weighs against dismissal; since the Defendant has not yet been served, there has been no prejudice by Mr. Hosmer's inactions. By contrast, the third factor clearly weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's orders, despite being expressly warned of the possible consequences of such a failure. (Doc. 4, at 2.)

Finally, the Court finds that an alternative sanction of dismissal without prejudice would be effective and that dismissal with prejudice may be too harsh under the circumstances. The Court believes that a dismissal without prejudice would be an effective sanction to promote Plaintiff's respect for this Court's deadlines and orders. The Court thus concludes that, in total, the factors weigh in favor of dismissal of Plaintiff's action without prejudice pursuant to Rule 41(b).

The Court thus concludes that, in total, the factors weigh in favor of dismissal of Justin Hosmer from this action pursuant to Rule 41(b). For the reasons discussed herein, Justin Hosmer is hereby **DISMISSED WITHOUT PREJUDICE** from this action pursuant to Rule 41(b).

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**