# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | |
|---|---|
| SEAN WOODS and SEAN SHINN, ) | |
| ) | Case No. 4:18-cv-63 |
| *Plaintiffs*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Christopher H. Steger |
| BEDFORD COUNTY JAIL, ) | |
| ) | |
| *Defendant*. ) | |

## MEMORANDUM OPINION

Before the Court is a *pro se* prisoner's complaint under 42 U.S.C. § 1983 filed by two plaintiffs jointly. (*See* Docs. 2, 8.) On April 16, 2019, the Court entered an order finding joinder of Plaintiffs' claims inefficient and providing that each Plaintiff would have twenty days from the date of entry of the order to file a notice with the Court as to whether he wished to proceed as the sole Plaintiff in a § 1983 action. (Doc. 16.) The order explicitly warned that "[i]f any Plaintiff files a notice that he does not want to pursue his own cause of action or fails to timely comply with this order, this matter may be **DISMISSED** for failure to prosecute and/or comply with Court order as to that Plaintiff." (*Id*. at 3.) On April 26, 2019, the mail to Plaintiff Shinn containing the order was returned to the Clerk as "undeliverable." (Doc. 17.) The Clerk performed a search of the Tennessee Department of Correction's public website but was unable to locate a new address for Plaintiff Shinn. (*Id*.) The Court has had no response from Plaintiff Woods. Therefore, more than ninety days have passed since the Court entered its order, and neither Plaintiff has responded to the Court's order.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiffs' failure to respond to or comply with the Court's previous order is due to willfulness and/or fault. Specifically, it appears that Plaintiff Shinn did not receive the order because he failed to update his address and/or monitor this action as this Court's Local Rule 83.13 requires, while Plaintiff Woods presumably received the order and chose not to reply. As such, the first factor weighs in favor of dismissal for both Plaintiffs.

As to the second factor, the Court finds that Plaintiffs' failure to comply with the Court's order has not prejudiced Defendants.

As to the third factor, the Court has repeatedly warned Plaintiffs throughout these proceedings that the Court would dismiss this case if they failed to keep the Court apprised of their respective addresses or otherwise failed to comply with the Court's orders. (*See* Docs. 4, 12, 16.)

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiffs are prisoners proceeding *in forma pauperis* (Doc. 12), and neither has pursued his case.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of this action pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**